In re Richard B. BROWN, Debtor.

Deborah BROWN, Plaintiff,

v.

Richard B. BROWN, Defendant.

Nos. 80–20400, 80–2111A.

United States Bankruptcy Court, W. D. New York.

Dec. 3, 1980.

Southern Tier Legal Services by David T. Smith, Bath, N.Y., for plaintiff.

Edward J. Brockman, Rochester, N.Y. for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiff herein has commenced an action asking that the debt which the defendant–debtor owes to the First National Bank of Wayland be declared nondischargeable since the payment of the debt to First National Bank of Wayland is alleged to be in the nature of alimony and support for the child of the plaintiff and the defendant. The defendant is contesting the characterization of this debt as being nondischargeable saying the debt is not payable to the wife or child and is not in the nature of alimony or child support.

The facts have been stipulated to. It appears that plaintiff and defendant were divorced on December 11, 1979. Prior to that divorce, they had entered into a handwritten agreement which was incorporated into the divorce decree but not merged therein.

The handwritten agreement provided as follows:

> Mobile Home–1974 Polora 12x70–is to be given to Deborah with the agreement to be signed in her name after completely paid in full. Richard is to keep all payments on the mobile home paid up to date. Richard agrees to keep all insurance paid up to date on mobile home until mobile home is paid for in full.

Page 2 of the handwritten agreement provides:

> Richard agrees to pay Deborah $40 per week for support for Theresa until she is 18 or 21 if she remains in school. Richard also agrees to pay all medical costs for Theresa.

The divorce decree dated December 11, 1979 provides in pertinent part after granting the divorce the following:

> ORDERED, ADJUDGED AND DECREED, that the temporary custody, care and control of the infant child, THERESA MARIE BROWN, be and the same remain vested in the plaintiff, DEBORAH BROWN and that defendant will pay $40.00 per week for the support of said infant, and it is further.

. . . . . .

> ORDER, ADJUDGED AND DECREED, that the hand–written (and unsigned) agreement with regards to division of personal property is hereby incorporated, however not merged; . . .

Commencing sometime before the divorce when the parties separated, and up until the present, the mobile home has been the residence of the plaintiff and Theresa, daughter of the plaintiff and defendant.

This Court has addressed similar matter in *In re Spong*, 3 B.R. 619 (W.D.N.Y.1980), and at page 622 this Court said:

> The first test which the alimony, maintenance or support must meet is that it must be payable to a spouse, former spouse and or child . . . . The second test is that it must be actually of the nature of alimony, maintenance or support.

In that same case again at page 622, this Court quoted from the House Debate of 9/28/78 and Senate Debate 10/6/78 where it was said:

If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse or child.

While the *Spong* case has been appealed to the District Court, there has been no decision upon it. In applying the principles which I set forth in the *Spong* case, the debt of the defendant, Richard B. Brown, to the First National Bank of Wayland fails both tests because first it is not payable to the wife and/or child of the debtor and secondly it is not in the nature of alimony. It is rather a result of a property settlement which the debtor and his former wife entered into prior to the divorce proceeding. The only alimony or maintenance provided for in the divorce decree is for payment of the $40 per week by the debtor to his for-

mer spouse for support of the infant daughter. The debt to First National Bank of Wayland is dischargeable and it is so ordered.