In re Kurt DEMKOW, Debtor.

Eveline JANASHAK, Plaintiff,

v.

Kurt DEMKOW, Defendant.

Bankruptcy No. B80–02875.
Adv. No. B80–0826.

United States Bankruptcy Court,
N. D. Ohio, E. D.

Jan. 27, 1981.

Thomas C. Pavlik, Cleveland, Ohio, for plaintiff.

Douglas C. Burns, Brunswick, Ohio, for debtor-defendant.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came before the Court on plaintiff's dischargeability complaint, answer of defendant, hearing and oral arguments of counsel.

Plaintiff is the former wife of the debtor, and bases her dischargeability complaint on the judgment entry granting her divorce. Incorporated in the judgment entry is a separation agreement which requires debtor to pay a second mortgage on real estate, and requires him to reimburse plaintiff for attorney's fees incurred in the divorce. Plaintiff contends that these debts are non-

dischargeable under Section 523(a)(5) of the Bankruptcy Code.

Section 523(a)(5) excepts from discharge any debt

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

According to the language of this section, alimony, support, and maintenance are only nondischargeable if payable directly to the supported party, and if designated alimony is actually in the nature of alimony, maintenance or support.

In plaintiff's separation agreement, provisions (5), (6) and (8) provide alimony for the spouse and support for debtor's minor children. However, the husband's obligation to pay the second mortgage appears in provision (7), entitled *"DEBTS."*[1] Thus from the separation agreement's language, the second mortgage payments are not designated as alimony, and would be dischargeable in bankruptcy.

 To avoid this result, plaintiff contends that this Court should look behind the terms of the separation agreement to ascertain whether the debt is actually in the nature of alimony. Certainly Section 523(a)(5)(B) of the Code authorizes the Bankruptcy Court to examine debts designated as alimony, maintenance, or support to make sure that they are actually in the nature of alimony, maintenance, or support. However, section 523(a)(5)(B) does not authorize the examination of debts designated as property settlement. From this precise provision only allowing examination of debts designated as alimony, one must conclude the Congress did not intend examination of debts not designated as alimony. Therefore, since the separation agreement in this case did not designate the second mortgage payments as alimony, maintenance or support, this Court must find as a matter of law that the debt is dischargeable.

 Plaintiff's complaint also requested that the husband's obligation to reimburse the wife for attorney's fees be declared nondischargeable. Under provision (8) of the separation agreement, defendant's payments to the wife for attorney's fees were designated as alimony.[2] As discussed above, Section 523(a)(5)(B) gives the Court the right to examine debts designated as alimony to determine if such debts are actually in the nature of alimony. In the present case, no evidence has been produced to indicate that these attorney's fees were not actually alimony. Therefore, it is ordered that these attorney's fees are a nondischargeable obligation.

---

1. Provision (7) of the separation agreement reads as follows:

"(7) *DEBTS*

Neither Husband nor Wife shall hereinafter incur any debts or obligations for which the other party shall be liable.

The Husband shall pay all debts incurred during the tenure of this marriage, including the payment of the second mortgage on the real property.

The parties shall indemnify and save harmless the other from any debt or obligation which is hers or his within the provisions of this Agreement."

2. Provision (8) provides as follows:

"(8) *ATTORNEY FEES*

The Husband agrees as and for additional alimony to pay to Max B. Katz, Wife's attorney, the sum of Five Hundred Dollars ($500.00) towards her expense for counsel fees. Payment thereon shall be abated until the second mortgage on the premises shall have been paid in full, and shall be paid by the Husband to the Wife at the rate of One Hundred Dollars ($100.00) per month."