### In re Jack Page MINEER, Debtor.

### Helen Marie NELSON, f/k/a Helen Marie Mineer, Plaintiff,

v.

### Jack Page MINEER, Defendant.

### Bankruptcy No. 81 K 0888.

United States Bankruptcy Court,
D. Colorado.

June 11, 1981.

---

Wesley W. Hoyt, Denver, Colo., for plaintiff.

Chris Melonakis, Westminster, Colo., for defendant.

## MEMORANDUM AND ORDER

GLEN E. KELLER, Jr., Bankruptcy Judge.

The Plaintiff, Helen Nelson, seeks an order determining the dischargeability of certain debts in the bankruptcy of her former husband, Jack Mineer. The parties were divorced in Salt Lake City, Utah, in 1977. Under the divorce decree and property settlement, the Plaintiff was awarded the family home and custody of the couple's three children. Plaintiff was required to make the payments on the first mortgage, and Defendant was required to pay the second deed of trust. The second mortgage arose out of a 1977 bill consolidation loan from Citicorp Person-to-Person in the amount of $16,551.00. The monthly payment thereon is $265.00. The Defendant was ordered to pay $90.00 per month in child support for each child. Alimony was fixed at $1.00 per year. The Defendant fell into arrears on his child support obligation in the amount of $2,320.00, and Plaintiff obtained a state court judgment for this amount, plus $350.00 in attorney fees and $13.32 in costs. Defendant also defaulted in the payments on the second deed of trust. Plaintiff, who has recently remarried, has been making the required monthly payments since September, 1980. The Defendant admits that the $2,320.00 judgment for child support is not dischargeable in bankruptcy. He does not concede the non-dischargeability, of the attendant costs and attorney fees. The major dispute, however, concerns the dischargeability of the $12,-827.19 balance on the Citicorp loan. Plaintiff contends that the Defendant's obligation under the divorce decree to pay the second mortgage is in the nature of maintenance and child support and hence unaffected by the discharge. The Defendant argues that his continuing liability for the mortgage debt arises by virtue of the property settlement and was not considered by the parties as part of his support obligation.

The Bankruptcy Code continues the historical protection of spousal and child support from bankruptcy. Section 523(a)(5) excepts from discharge any debt

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Some courts have construed this provision to render dischargeable all marital debts owed to third parties regardless of whether their assumption is in the nature of maintenance or child support. *See, e. g., In re Brown*, 7 B.R. 268 (Bkrtcy., B.W.D.N.Y. 1980). However, most courts have concluded that the mere fact the marital debt assumed by an ex-spouse is payable to a third party does not render it ipso facto dischargeable if it is in the nature of maintenance or support. *See, e. g., In re French*, 9 B.R. 464 (Bkrtcy., B.S.D.Cal.1981). It is the substance of the obligation, not the manner of payment, that counts. Here, in any event, the decree requires the husband to hold the wife harmless on this obligation, thus meeting the requirement of obligation to former spouse.

▪ The character of the debt requires that the Court first consider the terms of the decree. *In re Ingram*, 5 B.R. 232 (Bkrtcy., B.N.D.Ga.1980). It is clear, however, that any designation of a debt as maintenance or property settlement is not conclusive. *In re Wells*, 8 B.R. 189 (Bkrtcy., B.N.D.Ill.1981). The Court must examine all the facts and circumstances to determine the true nature of the obligation. *In re Diers*, 7 B.R. 18 (Bkrtcy., B.S.D.Ohio 1980). Reference to state domestic relations law is perfectly proper, but the ultimate decision is a matter of federal bankruptcy law. *In re Warner*, 5 B.R. 434 (Bkrtcy., B.C.D.Utah 1980).

▪ It is true that the maintenance by the Defendant of regular payments on the Citicorp debt would insure that Plaintiff and the children continue to have a "roof over their heads" by preventing foreclosure on the second deed of trust. Some courts have considered this an important factor in determining the obligation to be in the nature of support. *See, e. g., Poolman v. Poolman*, 289 F.2d 332 (8th Cir. 1961). However, there are other factors present in this case that compel the Court to reach the opposite conclusion. The decree itself requires child support of $270.00 per month. The Plaintiff was authorized to claim the three children as her dependents for income tax purposes. The unrebutted testimony at trial was that child support was so set, a lower-than-customary figure, to insure that Defendant did not pay more than half of the total support of the children in any tax year. The taxing status was one of the most bargained matters in the agreement. If the second mortgage payments are considered to be additional child support, the intent of the parties, as evidenced by the express language in the decree regarding the exemptions, would be frustrated. Nor does the $265.00 monthly payment appear to represent maintenance to the Plaintiff. The decree provided for "alimony" of $1.00 per year, an obviously nominal sum. However, the evidence is undisputed that both spouses were then earning very nearly the same annual salary. This clearly explains the absence of any significant award of maintenance for the spouse. Given the equal earning power, the assumption by the Defendant of the second mortgage payment does not represent an attempt to balance incomes; rather, it clearly appears to distribute equally the obligation for marital debts. *In re Ingram, supra*, at 235. Moreover, there is no provision in the decree for termination of Defendant's mortgage obligation upon the majority of the children or the remarriage of the Plaintiff. The promise of the Defendant to pay the Citicorp loan was simply part of the property settlement and is, therefore, dischargeable in the bankruptcy case.

▪ The $350.00 in attorney's fees and attendant court costs were incurred by Plaintiff in an attempt to compel Defendant to honor his child support obligation. These expenses are an integral part of the $2,320.00 conceded by Defendant to be nondischargeable and cannot be separated from his duty to support his children. Hence,

they are not discharged. Now, therefore, it is

ORDERED that the judgment dated November 17, 1980, in the District Court for Salt Lake County, Utah, for delinquent child support, attorney's fees, and costs is not discharged in the case of Jack Page Mineer, 81 B 01129 Mc.

FURTHER ORDERED that the Defendant's obligation to Citicorp Person-to-Person and to hold Plaintiff harmless upon that obligation in the amount of $12,827.19 is discharged as a personal liability of the Defendant.

FURTHER ORDERED that each party hereto shall, within 10 days of the date hereof, file a written request for the withdrawal of exhibits received in evidence or in the possession of the Court. Upon this Order becoming final, exhibits so requested shall be returned to the parties, and any party not requesting return of exhibits shall be deemed to have waived such claim, and the Clerk may destroy or otherwise dispose of the exhibits as the Clerk shall so determine. As used herein, "Order becoming final" means that this Order shall not be subject to further appellate review.