In re Glen Cecil THOMPSON, Patsy Jean Thompson, Debtor.

Carleen Yvonne MOUSER, Plaintiff,

v.

Glen Cecil THOMPSON, Defendant.

Bankruptcy No. 38002944.
Adv. No. 38000547.

United States Bankruptcy Court,
W. D. Kentucky.

Aug. 31, 1981.

---

Thomas B. Givhan, Shepherdsville, Ky., Atty., for plaintiff.

Clifford Duncan, Jr., Louisville, Ky., Atty., for defendant.

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

## MEMORANDUM AND ORDER

■ At issue is whether a debt that the debtor agreed to pay in a property settlement agreement is nondischargeable. The provision in the agreement directly in issue provides, "The husband agrees to assume the outstanding indebtedness of the parties up to and including one-half (½) of an existing loan with Associates Finance Company . . ." The debtor listed that debt in the petition for the amount of $2,000, though in the nondischargeability complaint the debtor's former wife, Carleen Mouser, contends that the debt is for $4,000. The money is owed on a second mortgage taken on the home of the debtor and his former wife before their divorce.

The plaintiff asserts that the debt is nondischargeable because the debtor agreed to pay it in lieu of child support above the $35.00 per week specifically provided for in the agreement. She says that she cannot make full payment on the mortgage debt, and that if she were required to pay, her ability to provide a home for herself and her child would be threatened.

The debtor contends that the provision is what it appears to be on its face—a division of marital debts made pursuant to a property settlement.

This issue has generated considerable judicial attention. At the outset we observe that much of the relevant law on the dischargeability of debts for alimony, maintenance or support can be gleaned from the legislative history of § 523(a)(5):

> What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. The proviso [sic], however, makes nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations as to whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.[1]

In reliance on this comment, most courts have adopted the position that in determining whether a debt is for property settlement, or for support, alimony or maintenance the appellation given a specific payment provision is not controlling.[2] Rather, a court must consider, independent of state law, the substantive nature of the obligation.

■ In applying this standard, courts may reach divergent conclusions on the dischargeability of particular marital debts because the facts of each case will control. It is not surprising that one court has held nondischargeable the obligation of a woman's former husband to pay a second mortgage,[3] and other courts have held the same

---

1. S.Rep.No.95–989, 95th Cong., 79 (1978), *accord* H.R.Rep.No.95–595, 95th Cong. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

2. *In re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga. 1980); *In re Massimini*, 8 B.R. 428 (Bkrtcy.W.

D.Pa.1981); *In re Diers*, 7 B.R. 18 (Bkrtcy.S.D. Ohio 1980); *In re LaFleur*, 11 B.R. 26 (Bkrtcy. D.Mass.1981); *contra, In re Demkow*, 8 B.R. 554 (Bkrtcy.N.D.Ohio 1981).

3. *In re Henry*, 5 B.R. 342 (Bkrtcy.M.D.Fla. 1980).

type of debt dischargeable.[4] The reason for the liability, rather than the specific type of liability, is determinative.

In this case, the debtor's liability for half of the outstanding second mortgage is designated as neither property settlement nor child support. However, the debtor agreed to convey his interest in the home he and his wife owned, and the wife assumed the outstanding indebtedness on the home. The wife also received possession of, and assumed the indebtedness on, all household furniture and appliances. The parties each kept two motor vehicles, and agreed to pay the total indebtedness only on the vehicles they kept.

No maintenance was provided for, but the wife was granted custody of the couple's three-year-old son, and was to receive $35.00 per week in child support. Besides the second mortgage, the couple agreed that each would assume half of the indebtedness on mutual debts, and on the child's medical and dental bills not covered by insurance. The parties have stipulated that the obligation for the medical and dental bills is in the nature of support, and the liability for mutual debts, except for the second mortgage, constitutes property settlement.

After considering the property settlement agreement in its entirety, we find that the debt for the second mortgage is dischargeable. The conspicuous feature of the agreement is the repeated condition that the person receiving marital property be solely responsible for servicing the debt on that property. Other debts, including the one directly in issue, were split evenly. The manner in which the property and debts were divided is more characteristic of a property settlement than of maintenance or support.

Further, the debtor's former wife's total assumption of the primary indebtedness on the home belies her charge that the debtor's

payment of one-half of the second mortgage is necessary for their child's support. The second mortgage debt, owed to a finance company, is of considerably shorter duration than the first mortgage, and as such its partial payment would not produce a lasting benefit to the child. Child support is intended to provide for a child's welfare until the child reaches the age of majority. Because the debtor's child was three years old when the divorce occurred, his support will continue much beyond the time it will take to pay the debt owed Associates.

Upon the foregoing reasoning and authorities,

IT IS HEREBY ORDERED that the complaint of Carleen Yvonne Mouser for the nondischargeability of debtor's indebtedness to Associates Finance Company be, and is, dismissed.

---

4. *In re Demkow*, supra note 2; *In re Mineer*, 11 B.R. 663 (Bkrtcy.D.Colo.1981).