In re Timothy Russell **BECKWITH**,
Debtor.

Timothy Russell **BECKWITH**, Plaintiff,

v.

Alberta **WAMSLEY**, Defendant.

Bankruptcy No. B 80–01174.
Adv. No. B 81–1458.

United States Bankruptcy Court,
N. D. Ohio, E. D.

Feb. 24, 1982.

Timothy Russell Beckwith, plaintiff, pro se.

Alberta Wamsley, defendant, pro se.

Catherine M. Primuth, Cleveland, Ohio, for plaintiff.

Beatrice D. Linz, Elyria, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

This cause is before the Court on plaintiff's Complaint to determine dischargeability of a debt, defendant's answer, stipulated facts and counsels' briefs.

The agreed facts reflect that on April 11, 1980 the plaintiff, husband, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in which he scheduled the defendant, ex-wife, and American Finance Company as unsecured and secured creditors respectively. The debt arises from a separation agreement incorporated in a decree of dissolution of marriage wherein plaintiff holds defendant harmless from the second mortgage payments to American on the marital residence. On August 14, 1980, an order of discharge was entered in the bankruptcy proceeding.

The marriage of sixteen years was dissolved in Lorain County on October 4, 1977. The separation agreement was included in the decree "to forever and completely settle and determine" the rights of the parties. Pursuant to Section II of the agreement entitled "Property Considerations", defendant retained her personal items, household furnishings and the marital residence; plaintiff quit-claimed to her his one-half interest therein. Plaintiff kept his personal belongings and received from defendant a $2,000.00 note and mortgage on the residence, the note being payable upon occurrence of specified future events.

Under Section III of the agreement, "Debts and Obligations", plaintiff assumed and agreed to hold defendant harmless on the $6,000.00 second mortgage to American. Defendant similarly agreed to save him harmless on her first mortgage obligation of $20,000.00 to Mellon Mortgage Co. Defendant's monthly payments were $177.00 while plaintiff's were $145.00. Defendant has paid $4,200.00 to American leaving an unpaid balance of $1,800.00.

Section IV of the agreement, "Custody, Visitation and Support of Minor Children", awarded custody of the three minor children, ages 9, 11 and 13, to defendant to whom plaintiff pays $20.00 weekly "for the care, maintenance and support" of each child. Plaintiff is further responsible for the children's medical expenses generally, including hospitalization benefits.

At the time of separation and subsequent divorce in 1977, both parties were employed. In 1976 plaintiff's income as a laborer was $11,358.00 while defendant earned $5,815.00 as a dietician. In 1977 she earned $6,169.00.

## LAW AND COMMENTS

Plaintiff maintains his agreement to hold defendant harmless from payment of the second mortgage on the marital residence is a dischargeable debt in bankruptcy. Defendant argues that the obligation constitutes "alimony to, maintenance for, or support of ... spouse or child", within the meaning of the Bankruptcy Code and is, therefore, non-dischargeable.

Section 523(a) of the Bankruptcy Code (11 U.S.C. § 523) excepts from discharge, any debt

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise, other than debts assigned pursuant to § 402(a)(26) of the Social Security Act; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

In determining whether plaintiff's debt is alimony, maintenance or support for the ex-wife or children it is unnecessary to twist and torture the contents of the separation agreement. The language therein is simple and direct in explicitly reflecting the complete and lucid intent of the parties. Little, if anything, is left to clarification, conjecture or interpretation.

As a division of property set forth in Section II, plaintiff and defendant retained their personal property. In addition, plaintiff quit-claimed his one-half interest in the residence and defendant, in turn, delivered the $2,000.00 note and mortgage payable upon future happenings. Section III contains plaintiff's assumption of the second mortgage to American and his holding defendant harmless for payment thereof. A similar arrangement was agreed to by defendant regarding her payment of the first mortgage. These mutual promises are precisely what Section III is entitled, namely, "Debts and Obligations". The "care, maintenance and support" of the children is finalized in Section IV at $20.00 weekly payments to the wife for each of the three children, a total of $3,120.00 annually. Plaintiff further agreed to provide medical, dental and hospitalization benefits for the children.

The majority of cases concerning the issue in question involve determining whether the debt "is actually in the nature of alimony, maintenance, or support" where these terms are so designated in the agreement. In the case at bar, there appears no mention of "alimony". This omission was obviously with design and intent of the parties. To assume otherwise and read this term and its legal consequences into the agreement would be a gross injustice. Further, since the children's "care and maintenance" is specifically provided in Section IV, it is totally illogical to construe this obligation as part of plaintiff's debt to American.

Defendant further argues that income disparity and first mortgage payments impair adequate support for her and the children. The stipulated figures refute this contention. Plaintiff's $11,358.00 income less his $3,120.00 payments for the children leaves $8,238.00 compared to defendant's $6,169.00 income as a dietician. Medical, dental and hospitalization expenses narrow the difference. Since the child support was "subject to further order of court", defendant has appropriate measures to rectify her alleged financial difficulties without attempting to bend this obligation into second mortgage payments.

"Even if payment of a debt to a third party was in fact intended for the maintenance and support of an ex-spouse or children of a debtor, that debt is nonetheless dischargeable in fulfillment of Congress's purpose to limit the exception to discharge to direct payments to children and ex-spouses." *In re Dirks*, 15 B.R. 775, 5 C.B. C.2d 958 (Bkrtcy. D. New Mexico, 1981) at page 959. See also *Collier on Bankruptcy*, 15th Ed., 3:523.15.

The language on page 665 of *In re Mineer*, 11 B.R. 663, (1981), also states most appropriately the position of this Court, ". . . the assumption by the (Plaintiff) of the second mortgage payment does not represent an attempt to balance incomes; rather, it clearly appears to distribute equally the obligation for marital debts. Moreover, *there is no provision in the decree for termi-*

*nation of (Plaintiff's) mortgage obligation upon the majority of the children or the remarriage of the (Defendant). The promise of the (Plaintiff) to pay the (American Finance Co.) loan was simply part of the property settlement and is, therefore, dischargeable in the bankruptcy case.*" (emphasis added)

## CONCLUSIONS

1. Plaintiff's assumption of the $6,000.00 second mortgage to American Finance Company on the marital residence and agreeing to hold defendant harmless from payments thereon is not "alimony to, maintenance for, or support of both spouse or child", but is rather part of the property settlement between the parties.

2. Plaintiff's debt is not excepted from discharge as provided in Section 523(a)(5) of the Bankruptcy Code.