**In re Jerry Wayne HUDGENS (S.S. # 433–60–4725), Debtor.**

**Mary Suzanne HUDGENS, Plaintiff,**

**v.**

**Jerry Wayne HUDGENS, Defendant.**

**Bankruptcy No. 82–00731.**
**Adv. No. 83–0117.**

United States Bankruptcy Court,
M.D. Louisiana.

Jan. 22, 1986.

Kenneth L. Riche, Baton Rouge, La., for plaintiff.

A.J. Paul Fredrickson, III, for defendant.

## REASONS FOR JUDGMENT

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Facts

The case was submitted by counsel on the attached stipulated facts.

### III. Conclusions of Law

11 U.S.C. § 523(a)(5) provides that a debt is not dischargeable if it is a debt "... to a spouse ... for alimony to ... such spouse ... in connection with a ... property settlement agreement, but not to the extent that ... such debt includes a liability designated as alimony ... unless such liability is actually in the nature of alimony."

In the case at bar, the Debtor executed an agreement in which he transferred six items to his former wife, and she transferred five items to him; in addition, the Debtor agreed to hold his former wife harmless from "any indebtedness of the community," including, but not limited to, the instant obligation, but specifically *excluding*

seven specific obligations which the Complainant assumed. The mutual transfers and the assumption of obligation were supported by two factors that constituted the "cause" of the agreement: (i) settlement of community property claims, and (ii) the Complainant's agreement not to seek alimony *pendente lite*.

■ The objection to dischargeability is denied because Complainant has not shown, by a preponderance of the evidence, that the obligation constituted alimony. It appears that § 523(a)(5) would require that the payment be designated and agreed by the parties to be alimony. As Collier states:

"Nor does clause (a)(5) include contracted liabilities for goods purchased (although these be necessaries), medical attention furnished or board supplied by a parent for the use and benefit of the wife or child." *Collier*, 15th Edition, ¶ 523.15[2], [Citation in footnotes omitted.]

*See In re Beckwith*, 17 B.R. 816 (Bkrtcy., N.D.Ohio, 1982) holding that assumption of a second mortgage was part of a property settlement, not alimony, and dischargeable. *See also Matter of Taff*, 10 B.R. 101 (Bkrtcy., D.Conn., 1981) holding that fact that obligation did not cease upon death or remarriage of either party indicates that agreement is more in the nature of a property settlement than alimony.

■ The only grounds on which Complainant can base his claim that the obligation is alimony is the fact that one of the "causes" for the agreement is Complainant's agreement not to seek alimony *pendente lite*. From this Complainant would conclude that the obligation is "in the nature of" alimony.

While such a conclusion might be appropriate in some cases, it is not appropriate in the instant case. Assuming, *arguendo*, that some specific value is allocable to the agreement not to seek alimony, there is no way now to tell how much value to allocate to that part of the consideration. Since the agreement not to seek alimony was only an unspecified *part* of the cause, it is not

possible to tell what part, if any, of the current obligation constitutes an obligation in the nature of alimony, if any.

For reasons assigned, a separate judgment was rendered December 30, 1985, dismissing the complaint.

## APPENDIX

### STIPULATION OF FACTS

The parties stipulate to the following facts:

(1) Mary Suzanne Thornton and Jerry Wayne Hudgens were married in September, 1969.

(2) On October 26, 1977, Mrs. Hudgens filed a petition for legal separation in Family Court in the Parish of East Baton Rouge, State of Louisiana on grounds of cruelty.

(3) Mrs. Hudgens asked that she be awarded alimony pendente lite in the amount of $400.00 per month.

(4) Judgment of Separation was rendered January 10, 1978 with no provision for alimony pendente lite.

(5) Judgment of Divorce was rendered May 7, 1982, over four years after judgment of legal separation.

(6) On January 10, 1978, immediately after the Judgment of Separation was rendered, the parties executed a community property partition agreement.

(7) The community property partition provided that Mr. Hudgens agreed to pay, among other things the balance of a community debt secured by a second mortgage on Mrs. Hudgens' home in the principal amount of $15,500.00 with a balance at that time of $8,095.00.

(8) Mr. Hudgens paid the monthly payments until June, 1979, when he defaulted on said payments.

(9) Mortgagee made demand on Mrs. Hudgens for payment and she was forced to satisfy payment of this debt by executing a new note to mortgagee and refinancing her home.

(10) Mrs. Hudgens sued Mr. Hudgens to enforce his hold harmless agreement contained in the community property partition where he agreed to indemnify her in the event he failed to pay the said mortgage.

(11) Judgment was rendered in favor of Mrs. Hudgens and she instituted garnishment proceedings against Mr. Hudgens.

(12) Mr. Hudgens filed bankruptcy and obtained a stay order staying the garnishment proceedings.

(13) Mrs. Hudgens filed a motion claiming nondischargability of said debt based upon 11 USC 523(a)(5) claiming the obligation represented alimony to her.

Addendum to Stipulation

It is stipulated that at the time of the rendering of the legal separation, Mary Suzanne Hudgens, was employed by the State of Louisiana, Department of Revenue, at a monthly salary of $924.00 and was supporting her four children, Louis, age 19, Cathy, age 18, Mary Ellen, age 17, and Joe, age 15.