### In the Matter of PATTNI HOLDINGS a/k/a Pattni of Georgia, Inc. d/b/a Days Inn Atlanta South and Days Inn Cleveland Avenue, Debtor.

#### Bankruptcy No. A90–01638–WHD.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 19, 1992.

Mitchell S. Rosen, Atlanta, GA, for Days Inns of America, Inc.

John J. Goger, Meals, Kirwan, Goger, Chesin & Parks, P.C., Atlanta, GA, for debtor.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the Objection to the Amended Plan of Liquidation filed by Days Inns of America, Inc. ("Days Inn"). In its Objection, Days Inn objects to the plan filed by the debtor in the above-referenced case, Pattni Holdings ("Debtor"), on the grounds that it was not proposed in good faith, is not fair and equitable, and it unfairly discriminates against Days Inn. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157(b)(2)(L). The following constitutes the Court's Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The relevant facts of this case are undisputed. Debtor, which operated two motels, both of which were franchised as Days Inns, filed a Chapter 11 petition on February 5, 1990. The first priority secured creditor is Security Pacific Credit Corporation ("Security Pacific"). The second priority secured creditor, holding a note in the amount of $750,000, is Days Inn, and a third priority claim is held by K.T. Patel ("Patel") in the amount of $840,000. Because the equity in the two motels is insufficient to pay Security Pacific's first priority claim, both Days Inn's and Patel's security interests were wiped out upon the sale of both properties. As a result, Days Inn and Patel now hold unsecured claims against the estate.

Debtor's amended plan can be summarized as follows. After the sale of both of the motels, the general unsecured creditors, including trade creditors, will receive approximately 25% of the value of their claims. A portion of the funds allotted for this distribution would come from Security Pacific's release of $100,000 from the proceeds of the sale of the properties. Conversely, Days Inn and Patel would not receive any cash under the plan, but each would instead receive new, non-interest bearing, notes in the amount of $250,000, to be executed by the new corporation which purchases one of Debtor's motels.

These notes would only be due and payable upon the future sale of the subject property by the new corporation, and would be subordinate to a purchase money note obtained by the new corporation in the amount of one million dollars. Thus, Days Inn would not receive any distribution on its claim unless and until the new corporation sold the property. Furthermore, since the value of the property at the present time is less than the first priority note to be obtained by the new corporation, there would have to be a substantial increase in the value of the property for Days Inn to receive any cash for its claim.

Days Inn objects to Debtor's plan on several grounds. First, Days Inn contends that Debtor separately classified the claims of Days Inn and the general trade creditors solely for the purpose of securing an affirmative vote of the general unsecured trade creditors, thereby achieving a "cramdown" over the objection of Days Inn. Second, Days Inn argues that the plan unfairly discriminates against similarly situated creditors by providing for a 25% cash distribution to the general trade creditors, and no cash distribution for Days Inn. Since the possibility of realizing any future payment of the note provided for in the plan is remote, Days Inn believes, it is being treated unfairly compared with the claims of other unsecured creditors with similar priority. Furthermore, Days Inn also objects to Patel receiving similar treatment under the plan, notwithstanding the fact that Patel's security interest was subordinate to the one held by Days Inn.

Debtor, in its response, states that the separate treatment of the claims of Days Inn and the general trade creditors is justified in this case. Debtor first puts forth the contention that although the claims of the trade creditors, Days Inn, and Patel are unsecured, the claims arose from different circumstances. Days Inn sold the subject properties to Debtor so that Debtor could become a franchisee for Days Inn; and the debtor contends that this fact, although not elevating Days Inn to the status of "insider," does place Days Inn in a different situation to that of the trade creditors. Debtor argues that Days Inn was integral-ly involved in setting the purchase price for the properties, and was looking primarily to the value of the property to secure its claim. This is sufficient, Debtor believes, to justify separate treatment under the plan. Additionally, in response to Days Inn's allegations of unfair discrimination, Debtor first contends that if Days Inn and Patel were classified with the general trade creditors, the probable result would be that none of them would receive anything on their claims, and at best may receive only a 4% cash distribution. Thus, at best, Debtor argues, Days Inn would only receive $45,-000 on its asserted claim in excess of $1,000,000. Therefore, Debtor believes that the only fair and equitable treatment of the unsecured creditors is to separately classify the claims of the trade creditors from the claims of Days Inn. Finally, Debtor argues that the similar treatment under the plan of Days Inn and Patel is justified, since, as a result of a lack of equity in the property, both hold fully unsecured claims against the estate. Thus, even though Days Inn held a higher priority security interest than Patel's, the debtor says that the reality is that the two now hold similarly unsecured claims.

## CONCLUSIONS OF LAW

The Bankruptcy Code requires that claims within a particular class be substantially similar. 11 U.S.C. § 1122(a). However, in this case, the Court must address the issue of whether similar claims *must* be classified together. Although courts are split on this issue, this Court will follow the more flexible approach which does not require that all similar claims be necessarily placed in the same class. *See In re Atlanta West VI,* 91 B.R. 620, 625 (Bankr. N.D.Ga.1988) (citations omitted); *In re Club Associates,* 107 B.R. 385, 401 (Bankr. N.D.Ga.1989); *In re Holywell Corp.,* 913 F.2d 873, 880 (11th Cir.1990); *Piedmont Assoc. v. Cigna Property & Casualty Ins. Co.,* 132 B.R. 75, 78 (N.D.Ga.1991). To hold otherwise would create a statutory requirement that all similar claims be classified together when no such requirement exists. *Atlanta West,* 91 B.R. at 626 (*cit-*

*ing In re AG Consultants Grain Divisions, Inc.,* 77 B.R. 665, 670–76 (Bankr. N.D.Ind.1987)). Thus, the Court holds that similar claims do not necessarily have to be classified together.

■ However, although a debtor has considerable discretion and latitude to classify claims, there are limits. *Atlanta West,* 91 B.R. at 626; *Club Associates,* 107 B.R. at 401; *Holywell,* 913 F.2d at ·880; *Piedmont Assoc.,* 132 B.R. at 78. One of these limits is that a plan proponent may not attempt to manipulate voting by "gerrymandering" the classes. *Atlanta West,* 91 B.R. at 626; *In re Greystone III Joint Venture,* 948 F.2d 134, 138–39 (5th Cir. 1991); *In re U.S. Truck Co.,* 800 F.2d 581 (6th Cir.1986); *Hanson v. First Bank of South Dakota, N.A.,* 828 F.2d 1310 (8th Cir.1987). In the present case, the Court must determine if Debtor has any business justifications for separately classifying the claims of Days Inn and the general trade creditors, or whether the claims were separately classified only to secure the affirmative vote of the trade creditors, thereby achieving a "cramdown."

■ This Court thinks that there is sufficient justification for Debtor to separately classify the claims of Days Inn and the general trade creditors. Although both hold similarly unsecured claims, the circumstances from which the claims arise justify the separate treatment. Days Inn was the seller of the property to Debtor, and provided a portion of the purchase price for the sale. Furthermore, Debtor operated the two motels as franchises of Days Inn. Thus, although Days Inn is not an "insider," as defined by the Code, its claim does arise from different circumstances than the claims of the general trade creditors, thereby justifying the separate classification under the plan.

■ Days Inn's second argument is that the plan unfairly discriminates against Days Inn in violation of § 1129(b)(1) of the Code, which states, in pertinent part, that the court shall confirm the plan "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under,

and has not accepted, the plan." 11 U.S.C. § 1129(b)(1). Days Inn argues that the treatment afforded its claim, a non-interest bearing note for 33% of the amount of its claim, is discriminatory in relation to the 25% cash payment to be received by the unsecured trade creditors. Furthermore, Days Inn contends, the terms of the note and the equal treatment of Patel make it unlikely that Days Inn will ever recover one penny of its claim.

Although the Code prohibits "unfair discrimination," it does not prohibit all discrimination. *See In re 11,111, Inc.,* 117 B.R. 471, 478 (Bankr.D.Minn.1990) (*citing In re Storberg,* 94 B.R. 144 (Bankr.D.Minn. 1988)). Factors used by many courts in determining the fairness of the discrimination include whether there is a reasonable basis for the discrimination, whether the debtor can confirm a plan without the discrimination, whether the discrimination is proposed in good faith, and the treatment of the class discriminated against. *Storberg,* 94 B.R. at 146; *11,111, Inc.,* 117 B.R. at 478; *In re Buttonwood Partners, Ltd.,* 111 B.R. 57 (Bankr.S.D.N.Y.1990); *In re Aztec Co.,* 107 B.R. 585, 590 (Bankr. M.D.Tenn.1989).

As stated, if Days Inn were classified together with the unsecured trade creditors, it is probable that the entire class would receive no cash distribution on the claims. At best, the class would only receive a 4% distribution. The plan as proposed calls for a 25% distribution to the trade creditors and the possibility of a 33% return for Days Inn. Although there is no guarantee that Days Inn would ultimately receive any cash, the proposed plan is equitable for the unsecured creditors as a whole. Therefore, the Court finds that the plan does not unfairly discriminate against Days Inn.

Accordingly, the Objection filed by Days Inns of America is hereby DENIED.

IT IS SO ORDERED.