**Lovetta M. HOOVER, Plaintiff,**

v.

**James Dale HOOVER, Defendant.**

**No. C 82–24.**

United States District Court,
N.D. Ohio, W.D.

March 3, 1983.

---

OPINION and ORDER

WALINSKI, District Judge.

This matter is before the Court on defendant's appeal of the decision of the Hon. Richard L. Speer in bankruptcy proceedings. This Court, in finding the decision below to be an accurate statement of the law which was applied properly to the facts, shall affirm the decision of the Bankruptcy Court, 14 B.R. 592, for the reasons to follow.

Plaintiff Lovetta M. Hoover was divorced from defendant James D. Hoover on November 2, 1978 in the Court of Common Pleas for Erie County, Ohio. During their 9½ year marriage, James Hoover owned and managed a furniture store and invested in numerous real estate ventures. For the duration of their marriage Lovetta Hoover was unemployed, although she did at times help her husband at the furniture store. When plaintiff filed for divorce in 1978 she was not working, and since their divorce plaintiff has endured long periods of unemployment. At 44 years of age the plaintiff has no specific job training or skills.

In the "Property Settlement and Separation Agreement" entered into by the parties, plaintiff received two notes and mortgages on two separate parcels of real estate owned by the defendant. These notes were to be paid off in $500.00 monthly installment payments, with the first payment due January 5, 1979. Defendant never made any payments, and as a result plaintiff foreclosed and received a deficiency judgment.

On August 8, 1980, defendant filed a petition in bankruptcy. The plaintiff then instituted the instant action in an attempt to prevent the discharge of the debt.

Section 523(a)(5) of Title 11 provides in part that

(a) a discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt ....

\* \* \* \* \* \*

(5) to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse, or child, in connection with a separation agreement, divorce decree, or property settlement agreement ...

The issue before the Court is whether the debt owed by the defendant to the plaintiff constitutes alimony and maintenance or support under § 523(a)(5).

In order to determine whether the debt owed to plaintiff is nondischargable maintenance and support, or a dischargable property settlement, the Court must look to the individual circumstances of the case in applying the law. *In re Warner*, 5 B.R. 434 (Bkrtcy.C.D.Utah 1980); *In re Evans*, 2 B.R. 85 (Bkrtcy.W.D.Mo.1979). This case, and the analysis of its issues is to be governed upon its own merits after a thorough review of the surrounding facts and circumstances.

The separation agreement is silent in its characterization of the debt in issue as either a property division or support and maintenance. In viewing this agreement as a whole, it appears to the Court that the debt in question was intended to constitute the support and maintenance of the plaintiff.

The agreement specifically states in section 6(a) that it is contemplated to include, among other things, "Any and all past, present and future support". Other than the payments on the promissory notes, plaintiff was to receive no additional periodic payments from the defendant. The separation agreement grants to the defendant the furniture business, and as a result the income attendant to it.

In examining these facts, it is crucial to view them in the proper context. Throughout the marriage plaintiff was unemployed, with the only work undertaken by her outside of the home being her assistance to the defendant at the furniture store. Since the divorce the plaintiff has endured long periods of unemployment. In addition, the plaintiff has no specific job training or skill.

The Court believes that a review of these facts strongly compel the finding that the debt in issue constitutes nondischargable maintenance and support. The Court views as important factors: the periodic nature of the payments, the retention by defendant of the business, the absence of any other periodic payments beyond the debt in question, plaintiff's lack of any job training, skill or work experience, and the prolonged periods of unemployment endured by Mrs. Hoover. These facts demonstrate the disparity in earning potential between the plaintiff and defendant. Throughout her marriage, plaintiff's status as a housewife and occasional helper in the furniture store has left her in a precarious position concerning her ability to earn a living. Given the facts outlined by the Court, and the silence in the separation agreement concerning the debt in issue, the Court believes that a decision holding the debt to be nondischargable support and maintenance is compelled.

For the foregoing reasons,

IT IS ORDERED that the decision of the Bankruptcy Court is affirmed.