In the Matter of John L. HOLT, Debtor.

Elizabeth Holt WILLIAMS formerly Elizabeth J. Holt, Appellant,

v.

John L. HOLT, Appellee.

Civ. A. No. CV183–257.
Adv. No. 183–0100.

United States District Court,
S.D. Georgia,
Augusta Division.

July 13, 1984.

Richard L. Powell, Augusta, Ga., for appellant.

Terrance P. Leiden, Leiden, Hawk & Oellerich, Augusta, Ga., for appellee.

## ORDER ON APPEAL

BOWEN, District Judge.

The captioned case is on appeal from the order of the bankruptcy judge entered October 11, 1983. Jurisdiction over such matters is vested in the United States District Court pursuant to 28 U.S.C. § 1334 and Title IV, § 405(c) of the Bankruptcy Reform Act of 1978. Although the appellant may have been slightly late in the filing of a brief, the Court will proceed on the merits of the appeal. The delay was negligible, and there was no resulting prejudice.

The broad issue this case presents is whether obligations of alimony and child support are excepted from or subject to an individuals discharge in bankruptcy. The bankruptcy judge has read 11 U.S.C. § 523(a)(5) and determined that in order to be excepted from the operation of a discharge, a debt must be payable directly to a spouse, former spouse, or child of the debtor.

Under the final divorce decree entered July 15, 1982, by the Richmond Superior Court, the appellee is required to pay the following obligations which the appellant alleges are non-dischargeable:

1) Appellee was ordered to pay to appellant $100.00 per month as child support until April 1, 1983; thereafter $150.00 per month until both minor children reach the age of eighteen (18) or marry.

2) As further child support, appellee was ordered to pay the first mortgage until the youngest living child reaches eighteen years of age; further, the appellee was ordered to pay the second mortgage and the third mortgage until those debts are paid in full.

3) Appellant was awarded title to all furniture, appliances and household contents free and clear of liens.

4) Appellee was ordered to pay all medical, hospital, doctor, dental and prescribed drug bills incurred for the children.

5) Appellee was ordered to pay all state and federal income taxes for the year 1981.

6) Appellee was ordered to pay appellant's attorney in the divorce action $350.00 in attorney's fees.

The bankruptcy judge conducted an evidentiary hearing on July 27, 1983, and made no findings of fact thereon except the fact of the divorce and the terms of the decree. There is testimony in the record about the parties' purposes as to which the bankruptcy judge has made no findings of fact. For example, Mr. Flanagan, the attorney for the appellee in the divorce case, testified that his client agreed to pay $550.00 per month as permanent child support. Flanagan stated that the appellee wished to pay a small amount in cash but agreed to pay the mortgages directly to the mortgagees so as to obtain an income tax

deduction. It seems clear that such payments were intended by the parties and the court as a form of child support. Nevertheless, the bankruptcy judge does not address the intent of the parties or the genuineness of the label of child support which is utilized throughout the superior court decree.

The bankruptcy judge has not dealt with the facts; his opinion is directed only to the law and appears more akin to an order resolving a case on motion than one on the merits after an evidentiary hearing.

Basically, the effect of the bankruptcy judge's order is to determine that any obligation which is not payable directly to a former spouse or child to be extinguished by the discharge in bankruptcy. Thus, without regard to the intent of the parties or that of the superior court, the federal law has been applied in a strictly literal and formal way to defeat the object of state and federal law.

■■■ Bankruptcy legislation is rehabilitative in nature and must be construed strictly in favor of its salutary purpose, debtor relief. Nevertheless, such law cannot be applied so as to render an equally well-intended body of state law to be nugatory. That alimony and child support obligations be recognized as unavoidable liabilities, is a principle just as valuable to society, if not more so. There is no federal bankruptcy law of alimony and support. Such obligations and the rights of the parties must be divined by reference to the reasoning of the well-established law of the states.

In this case the bankruptcy judge has imposed an incorrect, wooden application of the literal language of the statute to achieve a legalistic result without exploring the facts.

The approach was incorrect because he concluded that the non-dischargeability of

debt under 11 U.S.C. § 523(a)(5) is established only if it is:

1. *Payable to a spouse, former spouse or child of the debtor* (emphasis added);
2. Designated as alimony to, maintenance for, or support of such spouse or child;
3. The result of a separation agreement, divorce decree, or property settlement agreement;
4. Actually in the nature of alimony, maintenance or support.

Subparagraph "1." is wrong as applied. Subparagraph "2." is too strict.[1]

■■ 11 U.S.C. § 523(a) provides in part that a discharge under the Act does not discharge a debtor from any "debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement ..."

First, a debt to a spouse or former spouse is not confined only to obligations payable to such person. In the Bankruptcy Code [11 U.S.C. § 101(11)] " 'debt' means liability on a claim[.]" In U.S.C. § 101(4) " 'claim' means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]" A commitment to pay the couple's debt to a third party after the divorce is an obligation which one former spouse may enforce

---

**1.** It is too strict because nothing in 11 U.S.C. § 523(a) requires that a "debt" be "designated" or labeled as alimony or child support to be non-dischargeable. The section does require that the debt be "for alimony to, maintenance for, or support of such spouse or child" if it is to be non-dischargeable. Obviously, most such debts will bear a designation or label. However, the essence of the matter is the actual substance of the agreement or decree, not the form or label attached. None of the debts in this case stood or fell on this element of the four-prong test devised by the bankruptcy judge. This comment is appended in an effort to avoid needless litigation as a result of the application of an erroneous test in the future.

**1012**

against another under the law of Georgia. Accordingly, notwithstanding the fact that the actual promissory note or contract is *literally payable* to a third party, the "debt" which is created by the separation agreement or decree and therefore is non-dischargeable, is the undertaking of a former spouse to pay a past or future obligation of the other spouse, or the couple. Thus, the "debt" to a former spouse contemplated in § 523(a)(5) is the obligation arising under the settlement agreement or divorce decree. It may or may not be identical in amount to that owed by one of them to a third party. Everything depends upon the intent of the parties or the court which enters the decree.

The "debt" of the sort envisioned by the drafters of § 523(a)(5) may have an underlying obligation, such as a retail installment contract on furniture, an automobile purchase, or a second mortgage. Such would rarely be "payable" to the former spouse. Nevertheless, the obligation of one former spouse made in connection with a separation agreement or imposed by a divorce decree to the effect that such spouse would pay a debt of the other spouse, or of the couple, is not thereby rendered dischargeable. It is the obligation created by the agreement or decree, and the character thereby imposed, that renders a debt non-dischargeable under the § 523(a)(5). Obviously, when a newly married couple purchases furniture on credit, dischargeability of debt and divorce may be the farthest thing from their minds. Usually, such a debt is dischargeable. It is the legally significant event of the divorce decree or separation agreement by which an old, dischargeable debt is transformed into a different obligation which is rendered non-dischargeable by § 523(a)(5). The old debt is not the same. When the old debt is branded by the divorce decree, it attains a new and different status. It is then transmogrified from dischargeable to non-dischargeable. It need not be payable directly

to the former spouse. That which is owed to one former spouse by the other is the obligation incurred by the divorce decree or separation agreement.

The approach was "wooden" or unnecessarily rigid and unbending because his erroneous perception of the law was applied without regard to the facts of the case. The bankruptcy judge must consider whether any "debt" [liability on a claim] to a spouse, former spouse, or child in connection with a separation agreement, divorce decree, or property settlement agreement is genuinely (a) for alimony to, (b) maintenance for, or (c) support of such spouse or child. Of course, if such a debt is assigned to another entity or is not actually in the nature of alimony, maintenance, or support, it is dischargeable. A subjective review of the facts established by the evidence must be made so that the intent of the parties or the divorce court becomes known. If the evidence discloses that a particular label is attached to the obligation for an ulterior purpose, and the debt is not actually in the true or genuine nature of "alimony" or "support" of a child, then the debt should be discharged. 11 U.S.C. § 523(a)(5)(A) and (B).

Where a former spouse or a child seeks to determine the dischargeability of debt, the court should simply look to the agreement or decree, and to the evidence, and determine by a preponderance of the evidence whether the debt is (a) in connection with a separation agreement, divorce decree, or property settlement agreement; (b) actually in the nature of alimony, maintenance, or support; and (c) flows to or for the benefit of a spouse, former spouse, or child of the debtor. Is it really "alimony" or "support," or is it something else with a label applied for someone's convenience or pecuniary purposes? That is the question, most simply stated.

The incorrect holding of the court below is clearly juxtaposed to persuasive authority.[2] While the issues may not have been

---

2. The "persuasive authorities" of other circuits are not mentioned in support of the reasoning of this opinion. They are mentioned as another well-researched and sound approach to the same result. These cases would suffice to support this opinion, but they are not the *sine qua non* hereof. The decisions announced in *In re Spong* and *In re Calhoun* seem to accept the premise that the literal language of the Bank-

determined in this district or the Eleventh Circuit, the United States Courts of Appeals for the Sixth Circuit and the Second Circuit have squarely addressed and decided the issues in a way which is opposite to their resolution in this case by the bankruptcy judge. It is noted that the opinion of the bankruptcy judge contains no citation of any authority to support the position adopted. While there may be no controlling authority in this circuit, a fair reading of the statute, a review of legislative intent, and the existence of appellate opinions directly on point seem to demand comment.

The opinion of the Sixth Circuit Court of Appeals is detailed and scholarly. The opinion of the Second Circuit Court of Appeals is likewise clear, well-reasoned, and academically sound. The opinions of the Second Circuit Court of Appeals in bankruptcy matters should always receive the most careful attention, and consideration of other courts. The geographic area in which the Second Circuit sits is the cradle of bankruptcy and commercial law in this country. That court has historically spoken with great authority in such subject matter areas. A direct statement of the law by that noble body cannot be ignored or lightly dismissed.

Similar subject matter and an identical issue was presented to the United States Court of Appeals for the Second Circuit in *In re Spong*, 661 F.2d 6 (2d Cir.1981). In that case the court observed that "a hus-band's obligation to support his wife by providing her with the necessaries of life according to his station has been long recognized as an unescapable (sic) duty both at common law and by statute ... (citations omitted) An award of attorney's fees may be essential to a spouse's ability to sue or defendant a matrimonial action and thus a necessary under the law." *Id.* at 9. Further, the court comments that "appellee argues that the phrase 'owed directly to a spouse' means, in effect, that the money must be payable to the spouse. (citations omitted) In making this contention, appellee overlooks the well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." Id. The court states "we conclude that it would be exalting form over substance to fail to treat appellee's agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony maintenance ..., or support', and that, therefore, it is nondischargeable in bankruptcy." *Id.* at 11.

When the issue was presented to the Sixth Circuit Court of Appeals in *In re Calhoun*[3], 715 F.2d 1103 (1983), the court, citing *Spong*, recounted the legislative history of § 523(a)(5) and succinctly stated "we agree with these courts (citations above) and hold that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable." *In re Calhoun*, 715 F.2d at

ruptcy Code requires that a "debt" be *payable* to a former spouse or child in order to be nondischargeable. That is simply not the case. When the statute is viewed as a whole, there is no requirement of direct payability. Indeed, that is a strained construction of the sections involved, 11 U.S.C. §§ 101(4), 101(11), and 523(a)(5). These observations do not undermine or derogate the value of the cited cases as precedental authority to achieve the same result. Rather, they are reinforced.

**3.** One exception to the otherwise excellent opinion of the Sixth Circuit Court of Appeals in *In re Calhoun* should be noted. In a narrative discussion of the purposes and contents of Section 523(a)(5), the court states "accordingly, § 523 excepts from discharge payments: (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree..." *In re Calhoun,* 715 F.2d at 1106. Without any explanation or reason, the court of appeals substitutes the word "payments" instead of "debts." The word "debt" is a term of art with specific definition in the Bankruptcy Code, such substitution is enough to spawn confusion and possibly litigation. The record should be set straight. In the context of Section 523(a)(5), the word "debt" in the body of the statute means "debt" as it is defined in the Bankruptcy Code. There is no legal or literary purpose in equating the language of the statute with the word "payment." Such usage could easily mislead a reader and be construed as an indication that such "debts" must indeed be payable directly to the former spouse which is contrary to the very holding announced in *Calhoun.*

1107. It is doubtful that a clearer statement on the law as to this issue is available. How these authorities are perceived by the bankruptcy judge not to be persuasive in determining a virtually identical issue is a mystery of no small proportion.[4]

It appears to the district court that the holding of the court below was based upon an insufficient exploration of the facts and erroneous conclusions of law. The facts found by the court below may have bearing on some of the issues, but they are incomplete. The court below should review the record and, if necessary, conduct another evidentiary hearing to determine whether each debt claimed to be non-dischargeable is in connection with a divorce decree or settlement agreement and whether such debts create obligations to the former spouse in the nature of alimony or child support. The facts may differ as to each of the claimed debts. Each must be subjectively considered in accordance with and in light of the principles of law stated herein.

Accordingly, the decision of the bankruptcy judge is VACATED insofar as it determines that any of the debts listed in the plaintiff's complaint are discharged in bankruptcy, and the case is REMANDED to the bankruptcy judge for further proceedings consistent with this opinion. Otherwise, the decision of the bankruptcy judge is AFFIRMED.

---

**4.** As a matter of fact, the instant case embodies the reoccurrence of the same issue. After laborious preparation, a draft of this order was circulated to the judges of this district, and it was subsequently learned that this issue was similarly decided in a Savannah Division case. *In re Bedingfield,* No. CV483–109, —— B.R. —— (S.D.Ga. Oct. 7, 1983). It is noted again that the order of the bankruptcy judge in this case was signed on October 11, 1983. Why the bankruptcy judge did not *sua sponte* reconsider his order in this case when faced with a controlling precedent to the contrary in this district is also a question of substantial proportion.