**In re Guy A. ELDER, Debtor.**

**Anita ELDER, Plaintiff,**

v.

**Guy A. ELDER, Defendant.**

**Bankruptcy No. 3–83–01139. Adv. No. 3–83–0250(B).**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 7, 1985.

Joseph S. Elder, II, Louisville, Ky., for plaintiff.

George R. O'Bryan, Louisville, Ky., for defendant.

### MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on Complaint by the creditor, Anita Elder, seeking to have the debt due her deemed nondischargeable pursuant to 11 U.S.C. 523(a)(5).

The debtor-defendant filed an Answer generally denying the Complaint and further alleging the debt in question arose as a result of a settlement agreement in a Texas divorce proceeding, and, as such, is dischargeable. Following discovery proceedings, a trial was had on the merits of the issues presented.

This Court is called upon to determine the significance to be given the provisions contained in the Decree of divorce signed by the parties and entered by the Texas Court on November 8, 1978. Said Decree, in addition to making certain provisions relative to the division of marital property, provided in part as follows:

"The Court further finds that Petitioner is entitled to part of Respondent's military retirement pay and that a just and equitable distribution of this retirement pay would be $100.00 per month to Petitioner, with Petitioner to pay income tax on that portion of retirement pay awarded to her, and that Respondent, GUY A. ELDER, is entitled to the balance of his gross retirement pay, effective with monies received on _____, 19___, or thereabouts. Respondent, GUY A. ELDER, is designated as Trustee for $100.00 per month of the gross military retirement pay until such time as the allotment

is effective through the Finance and Accounting Officer, Fort Benjamin Harrison, Indiana 46216."

The issue presented is whether the $100.00 per month provision, set forth above, is alimony, maintenance, or support and therefore nondischargeable as provided in Section 523(a)(5)(B), which reads as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt

(5) to a spouse, former spouse, or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that

(B) such debt includes a liability designated as alimony, maintenance, or support.

The facts bearing on the status and historical background of the parties may be summarized as follows: The plaintiff was a native of Germany and has a high school equivalent education. The defendant was a career service man. The parties were married in June, 1957 in Germany and returned to the United States in 1958 where the plaintiff became a citizen in 1970. No children were born of the marriage, nor did the plaintiff work outside the home during the period of this twenty-one year marriage. The defendant retired from the military in September of 1973 and thereafter has been employed in civilian life as a licensed practical nurse. At the time of the divorce, the plaintiff had no source of income other than that supplied by the defendant, and neither reads nor writes English well. Both parties testified that the plaintiff's general health condition was poor in 1978, due largely to a diabetic condition, heart condition and nerve problem. In addition, at the time of the divorce the plaintiff had no job training skills. Since the divorce, the plaintiff has worked as a maid earning $3.90 per hour on a seasonable basis, and has no source of regular income than that provided in the divorce decree. The plaintiff has not remarried. The defendant's income at the time of the divorce was derived from his employment as an L.P.N. at $5.00 per hour for a forty hour week, plus his Army Retirement which at that time was approximately $400.00 per month. The defendant has, since the divorce, continued to work on a regular basis as an L.P.N. earning approximately $10.79 per hour, although his last employment in this capacity was November, 1984. In addition, the defendant's Army Retirement is currently $684.00 per month.

Following the entry of the divorce Decree in November, 1978, the monthly payments of $100.00 were remitted to the plaintiff by way of allotment from the defendant's military retirement pay. Said monthly payments continued until January, 1980, at which time the defendant unilaterally discontinued the allotment payments and no further payments of the monthly amount as provided in the divorce Decree were paid to the plaintiff. ·On June 6, 1983, the defendant-debtor filed this Bankruptcy proceeding seeking relief under Chapter 7.

■   At issue is whether the $100.00 per month provision in the divorce Decree to be paid by the debtor to the plaintiff is alimony, maintenance, or support, and hence, nondischargeable under the provisions of 523(a)(5)(B). It is well-settled that the burden of proof in contesting the dischargeability of a debt is upon the creditor. *In re Calhoun*, 715 F.2d 1103, 1111 (6th Cir. 1983).

■   Section 523(a)(5) represents Congress' resolution of the conflict between the discharge of obligations allowed by the bankruptcy laws and the need to ensure necessary financial support for the divorced spouse and children of the debtor. The issue of when an obligation is "in the nature of alimony, maintenance, or support" as opposed to a division of communal property is to be determined by federal bankruptcy law, not state law. S.Rep. No. 95–989, 95th Cong., 2d Sess., 79, reprinted in [1978] U.S.Code Cong. and Ad.News 5787, 5865. See also H.R. No. 95–595, 95th Cong., 1st Sess., 364 (1977), reprinted in

[1978] U.S.Code Cong., and Ad.News 5963, 6320.

■ Applying the rationale set forth in *In re Calhoun,* 715 F.2d 1103 (6th Cir. 1983), the initial inquiry must be to ascertain whether the state court or the parties to the divorce intended to create an obligation to provide support. In making this determination, the bankruptcy court may consider any relevant evidence, including those factors utilized by state courts to make a factual determination of intent to create support.

In this respect, it is significant to note that the Texas Supreme Court has recognized that support payments, although considered alimony in other states, are not so characterized in Texas. *Francis v. Francis,* 412 S.W.2d 29, 32 (Tex.1967). Thus, in *Erspan v. Badgett,* 647 F.2d 550 (5th Cir. 1981), the Court held that for purposes of interpreting the federal bankruptcy law, the federal court is not bound by the label a state attaches to an award, but rather must look to its substance.

Further, as noted in *Francis v. Francis, supra.,* under the scheme of the Texas Family Code, a divorce court is authorized to divide the separate and community property in a just and equitable manner, and

> [F]actors which the Texas courts may take into account in making the division and award "include the disparity of the earning power of the parties as well as their business opportunities...." the physical conditions of the parties, probable future need for support, and educational background; ... [t]he fault in breaking up the marriage and the benefits the innocent spouse would have received from a continuation of the marriage.

■ Other factors tending to disclose the intent of the parties is whether the obligation ends with the remarriage of the recipient spouse or the death of either spouse; whether the obligation is to be paid in installments over a long period of time, and the location of the obligation in the decree in relation to other dispositive provisions. The presence of one or more of these factors does not necessarily mean the obligation is one of support nor does the absence of one or more indicate the award is part of a property settlement. Determination of whether support or a property settlement is involved must be made on a case by case basis.

■ Considering all the facts in the instant case, the Court finds the obligation is in the nature of support and as such is nondischargeable. In making the determination, the Court is not unmindful of the disparate division of marital property in the divorce decree. Such disproportionate division, however, was agreed to by the parties, was not so flagrant as to be manifestly unfair or unjust, and was for consideration, at least in part, of special interest to the debtor in resolving other pending litigation.

Having decided as a threshold matter that the obligation was intended as support, determination must be made as to whether the obligation has the effect of providing daily necessities in the nature of support and/or whether the obligation is so excessive as to be manifestly unreasonable under traditional concepts of support. *In re Calhoun, supra,* at 1110.

Here the obligation is a sum certain ($100.00 per month) and does not increase proportionately with increased retirement benefits received by the debtor. Taking into consideration the skills, health, age, needs, and earning capacity of the plaintiff, it is clear the obligation is essential to provide the daily necessities and as such is in the nature of support vital to her survival. Further it is neither excessive nor unreasonable under traditional concepts of support.

Accordingly, and for the above denoted reasons, this Court finds that the obligation set forth in the divorce decree of November 8, 1978 was intended to be in the nature of support or maintenance, that the amount is necessary for the daily necessities of plaintiff, and further, that said amount is neither excessive nor unreasonable. Accordingly, all sums due under the divorce de-

cree and unpaid be, and they are, hereby declared to be in the nature of support and accordingly nondischargeable under 523(a)(5).

The above constitutes Findings of Fact and Conclusions of Law in accordance with Rules of Bankruptcy Procedure 7052.

An appropriate Order is being entered this date.