In re Marshall Fred Harold RAMEY, Debtor.

Marshall Fred Harold RAMEY, Plaintiff,

v.

Brenda RAMEY, Merchants and Farmers Bank, Charles P. Allen, and Charles Thompson, Defendants.

Bankruptcy No. HE 85–01M.
Adv. No. 85–193M.

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Jan. 6, 1986.

Daniel K. Schieffler, West Helena, Ark., for debtor/plaintiff.

David Soloman, Helena, Ark., for Brenda Ramey.

Ralph C. Murry, West Helena, Ark., for Merchants & Farmers Bank.

Charles P. Allen, West Helena, Ark., for Charles P. Allen and Charles Thompson.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On January 9, 1985, Marshall Ramey filed a voluntary petition for relief under the provisions of Chapter 7 of the Bankruptcy Code. Mr. Loyal Barr was appointed trustee and filed his report of no distribution on March 13, 1985. On May 8, 1985, the debtor filed a complaint to determine the dischargeability of certain debts owed to Merchants and Farmers Bank of West Helena (Merchants and Farmers Bank), Honorable Charles P. Allen and Brenda Ramey. The debtor's former wife, Brenda Ramey, is jointly liable to Merchants and Farmers Bank and Charles P. Allen for these obligations which were subject to a property settlement agreement executed in connection with a divorce decree of the Chancery Court of Phillips County, Arkansas. The issue is whether these debts are exempted from discharge under the provisions of 11 U.S.C. § 523(a)(5). This section provides, in part, as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement. . . .

The divorce decree which was entered on April 27, 1984, provides in pertinent part as follows:

### III.

The Court doth further find that defendant should pay to plaintiff the sum of One Hundred Dollars ($100.00) per month for a period of six (6) months, commencing on the date of this Decree, for the support and maintenance of the minor child. That in addition, defendant shall pay to DeSoto School, Incorporated of West Helena, Arkansas, the prevailing tuition due said school for said minor child's education until said child graduates from high school. Said sums of tuition shall be considered as child support and shall commence and be effective March 14, 1984, the date on which parties entered into a Separation and property settlement agreement. The plaintiff shall be entitled to claim as an exemption for income tax purposes the minor child. In addition, the plaintiff shall be entitled to all refunds payable from the State and Federal government as a result of the filing of the 1983 income tax returns. Said funds shall be considered as rehabilitative alimony.

The divorce decree further provides as follows:

### SEPARATION AND PROPERTY SETTLEMENT AGREEMENT

#### II

The husband shall pay to the wife for the support and maintenance of the child the sum of One Hundred Dollars ($100.00) per month for a period of six (6)

months from the date hereof and shall in addition pay to DeSoto School, Incorporated of West Helena, Arkansas, the tuition due at said school for said child's education until said child graduates from high school. Said sums shall be considered as child support. In addition, the parties shall file a joint income tax return for the year 1983 and all refunds payable from the State and Federal government as a result of the filing of said income tax returns shall be payable to wife as rehabilitative alimony. Due to the amount paid by way of support, wife shall be entitled to claim as an exemption for income tax purposes the child.

The parties severally declare and acknowledge that the aforesaid sum is a fair, suitable and proper sum to be paid to the wife for her support and maintenance, and for the support and maintenance of the child; that it is commensurate with the financial means and social position of both parties; and that it is within the ability of the husband to pay.

## IV

Husband and wife now have certain existing obligations which they hereby contract and agree to pay as follows:

There is in existence at the present time an obligation in favor of the Merchants and Farmers Bank of West Helena, Arkansas, in the approximate sum of Four Thousand Dollars ($4,000.00) plus interest. The husband hereby agrees to pay and assume one-half (½) of the monthly payments on said obligation in favor of the Merchants and Farmers Bank as they come due and until said obligation is fully satisfied and said payment by husband shall be considered as alimony. The wife hereby agrees to pay the other one-half (½) of said payments as they become due until said debt is fully satisfied.

There was and is in existence at the time of separation certain obligations in favor of Goldsmith's and Sears and the wife hereby agrees to be fully responsible for and to pay the obligations outstanding as of the date of separation in favor of Goldsmith's and Sears.

Husband hereby agrees to assume and to pay all other outstanding obligations not hereinabove set forth that were existing at the time of the separation.

Husband hereby agrees to pay, by way of support, any and all medical expenses incurred by said child, not covered by insurance, until said child attains the age of eighteen (18) years.

The property settlement agreement refers to an indebtedness owed to the Merchants and Farmers Bank in the approximate sum of $4,000, plus interest. The note to Merchants and Farmers Bank was for the total sum of $7,303.24, including principal and interest, and called for monthly installment payments of $202.84 for a period of thirty-six months from January 11, 1984.

The debtor testified that during the negotiations leading up to the divorce Ms. Ramey brought him a note to sign in the sum of $7,300, including interest, but that he refused to sign the note because the sum included an indebtedness owed by Ms. Ramey in her individual name. The debtor testified that Ms. Ramey later presented a second note in the sum of $4,000 which he signed. Ms. Ramey is an employee of the Bank. The note the bank holds is for $7,302.24, including principal and interest, and contains Mr. and Ms. Ramey's signatures. An obvious alteration in the typed amount of the note is discernible from an examination of the document and there is a disturbing and irreconcilable conflict in the testimony regarding the alteration. It is, however, unnecessary to resolve this conflict because the debt, in the Court's opinion, is dischargeable regardless of the amount.

■ The question of whether payments under a divorce decree are in the nature of support, alimony or child support is a federal .question to be determined by the Bankruptcy Court. *In re Williams*, 703 F.2d 1055 (8th Cir.1983); *In re Cartner*, 9 B.R. 543, (Bkrtcy.M.D.Ala.1981); H.R.Rep. No. 595, 95th Cong. 2nd Sess. 364, reprint-

ed in 1978 U.S.Code Cong. & Admin.News 5963, 6320; S.Rep. No. 989, 95th Cong., 2nd Sess. 79, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5865.

The Bankruptcy Court is not bound by a state court's prior determination of an award as support or as property settlement. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Williams*, 703 F.2d at 1056; *In re Lineberry*, 9 B.R. 700 (Bkrtcy.W.D.Mo., C.D.1981); *Matter of Hughes*, 16 B.R. 90 (Bkrtcy.N.D. Ala., S.D.1981). The Bankruptcy Court may look behind a divorce decree to determine the real nature of liabilities regardless how the decree characterizes them. *In re Nelson*, 16 B.R. 658 (Bkrtcy.M.D.Tenn. 1981), *aff'd in part, rev'd in part*, 20 B.R. 1008 (Bkrtcy.D.C.Tenn.1982); *In re Vickers*, 24 B.R. 112 (Bkrtcy.M.D.Tenn., Nashville D.1982); *In re Carrigg*, 14 B.R. 658 (Bkrtcy.D.S.C.1981); 3 *Collier on Bankruptcy* ¶ 523.15(1) (15th ed. 1980). The rationale for this rule is to promote the congressional intent to have questions of dischargeability determined by the Bankruptcy Court rather than state court in order to develop appropriate federal standards. *In re Carrigg*, 14 B.R. at 658; *In re Netherton*, 2 B.R. 50 (Bkrtcy.M.D.Tenn.1979). Section 523 was written to overrule prior decisions that deferred to state law any question of whether a debt is alimony, maintenance or support. 3 *Collier on Bankruptcy* ¶ 523.15 (15th ed.). *Compare In re Waller*, 494 F.2d 447 (6th Cir.1974) (legislatively overruled) *with Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1954). Often property settlements which are incorporated in divorce decrees are characterized for tax purposes or other considerations not connected with bankruptcy. *In re Warner*, 5 B.R. 434 (Bkrtcy.D.Utah 1980); *In re Carrigg*, 14 B.R. at 658; *In re Nelson*, 16 B.R. at 658, *aff'd in part, rev'd in part*, 20 B.R. at 1008. While obligations for alimony, support and child support are not dischargeable in bankruptcy, obligations which are in the nature of a property settlement are dischargeable. *In re Brown*, 7 B.R. 268 (Bkrtcy.W.D.N.Y.1980); *In re*

*Demkow*, 8 B.R. 554 (Bkrtcy.N.D.Ohio, E.D.1981).

Court's have considered the following factors in determining whether obligations represent alimony, maintenance or support as opposed to property settlement:

1. whether the obligation terminates on the death or remarriage of either spouse; *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984), *In re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga., Rome D., 1980), *In re Altavilla*, 40 B.R. 938 (Bkrtcy.Mass.1984);

2. the characterization of the payment in the decree and the context in which the disputed provisions appear; *In re Salinas*, 2 B.C.D. 864 (D.C.Ore. 1976); *In the Matter of Thumm*, 2 B.C.D. 1347 (Bkrtcy.E.D.Wisc.1976); *In re Sledge*, 47 B.R. 349 (D.C.Va. 1981);

3. whether the payments appear to balance disparte income; *Hoover v. Hoover*, 38 B.R. 325 (D.C.Ohio 1983), *In re Seidel*, 48 B.R. 371 (Bkrtcy.Ill. 1984);

4. whether the payments are to be made directly to the spouse or to a third party; *In re Nelson*, 16 B.R. 658 (Bkrtcy.M.D.Tenn.1981); *Matter of Holt*, 40 B.R. 1009 (D.C.Ga.1984); *In re Calhoun*, 715 F.2d at 1103; *In re Edwards*, 33 B.R. at 942;

5. whether the obligation is payable in a lump sum or in installments over a period of time; *In re Elder*, 48 B.R. 414 (Bkrtcy.Ky.1985), *Matter of Story*, 36 B.R. 546 (Bkrtcy.Fla.1983), *In re Edwards*, 33 B.R. 942 (Bkrtcy.Ga. 1983);

6. whether the parties intended to create an obligation of support; *In re Boyle v. Donovan*, 724 F.2d 681 (8th Cir.1984), *In re Bedingfield*, 42 B.R. 641 (D.C.Ga.1983), *In re Elder*, 48 B.R. 414 (Bkrtcy.Ky.1985);

7. whether an assumption of debt has the effect of providing the support necessary to insure that the daily needs of the former spouse and any children of the marriage are met; *In*

re Calhoun, 715 F.2d 1103 (6th Cir. 1983); *But see In re Lewis,* 39 B.R. 842, 846 (Bkrtcy.W.D.N.Y.1984); and

8. whether an assumption of debt has the effect of providing the support necessary to insure a home for the spouse and minor children; *In re Mencer,* 50 B.R. 80 (Bkrtcy.E.D.Ark. 1985). *But see In re Demkow,* 8 B.R. 554 (Bkrtcy.N.D.Ohio, E.D. 1981); *In re Nelson,* 16 B.R. 658 (Bkrtcy.M.D.Tenn.1981), *aff'd in part, rev'd in part,* 20 B.R. 1008 (Bkrtcy.D.C.Tenn.1982).

■ In this case the property settlement agreement does label these obligations as alimony, but other factors militate against this characterization. There are other provisions in the agreement which designate support and alimony and do not include the obligations to Merchants and Farmers Bank and Charles P. Allen. Ms. Ramey testified that the settlement was an attempt to divide assets and liabilities equally. There was only a slight disparity in the parties income; both were employed full time. The debt is a short term obligation payable for only thirty-six months to a third party. There was no evidence that the parties intended the obligation to terminate upon the death or remarriage of Ms. Ramey or the death of Mr. Ramey. As the Court observed in *Shaver v. Shaver,* 736 F.2d at 1314, "support payments tend to mirror the recipient spouse's need for support. Thus, such payments are generally made to the recipient spouse and are paid in installments over a substantial period of time (citation omitted)."

■ The evidence of nondischargeability of the indebtedness to Charles P. Allen is even more unpersuasive. The debt was in the sum of $2,030.00 and represented rent payments the parties jointly owed for the months of September through December 1983 and January through March 1984. The parties were not separated at the time, and this obligation is not specifically mentioned in the settlement. Mr. Ramey testified that he was unaware that Ms. Ramey was not paying the rent and that by mutual agreement she was to pay it from her income. Ms. Ramey testified that Mr. Ramey was supposed to look after the rent and pay it. Ms. Ramey testified that this debt was not specifically mentioned because she assumed Mr. Ramey would pay it from a bonus he was to receive. The debtor's obligation to pay this debt is based on an omnibus provision that the husband pays all other debts not specifically treated in the settlement. Nothing in the facts or in the decree suggests that the debtor's obligation in this regard was intended to be in the nature of support.

The debtor's obligation to Brenda Ramey and to Merchants and Farmers Bank and Charles P. Allen are determined to be dischargeable debts under 11 U.S.C. § 523.

IT IS SO ORDERED.